FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 28 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00261-BNB

JOSHUA LaMONT SUTTON,

    Plaintiff,

v.

STATE OF COLORADO,
16th JUDICIAL DISTRICT COURT,
16th JUDICIAL DISTRICT ATTORNEY'S OFFICE,
OTERO COUNTY SHERIFF'S OFFICE,
CITY OF LaJUNTA POLICE DEPARTMENT,
DR. STEVE DUANE DENNIS,
MATTHEW THOMAS DENNIS, and
KATHLEEN RAE DENNIS,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Joshua LaMont Sutton, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the correctional facility at Limon, Colorado. Mr. Sutton, acting *pro se*, initiated this action by submitting to the Court a Prisoner Complaint and a Motion fo File Without Payment of Filing Fee. On February 17, 2011, Magistrate Judge Boyd N. Boland instructed Mr. Sutton to cure certain deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Sutton to submit his claims and request to proceed pursuant to 28 U.S.C. § 1915 on proper

Court-approved forms. Mr. Sutton was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

On March 8, 2011, Mr. Sutton submitted a pleading titled "Injunction; Alternatively Dismiss Without Prejudice." In the March 8 pleading, Mr. Sutton claims that prison staff took his property, including his legal materials. Mr. Sutton seeks an order from the Court either directing prison staff to return his property or in the alternative dismissing the action without prejudice.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. See Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980). Irreparable injury must be imminent. Heideman v. S. Salt. Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003)

Mr. Sutton fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. Mr. Sutton also fails to assert how the legal materials being withheld are necessary for complying with the February 17 Order to Cure. Mr. Sutton's request for injunctive relief lacks merit and will be denied.

Mr. Sutton has options available that would have helped him comply with the February 17 Order. He has failed to utilize those options, including requesting additional Court-approved forms and an extension of time to comply. Therefore, because Mr. Sutton has failed to comply with the February 17 Order within the time allowed the action will be dismissed without further notice. Accordingly, it is

ORDERED that Mr. Sutton's request for injunctive relief, ECF 5, is denied. It is

FURTHER ORDERED that the action is dismissed pursuant to Fed. R. Civ. P. 41(b) without prejudice for failure to cure the deficiencies within the time allowed.

DATED at Denver, Colorado, this 28th day of March, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00261-BNB

Joshua Lamont Sutton
Doc No. 96416
Limon Corr. Facility
49030 State Hwy 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 28, 2011.

                            GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk